1
2
3
4
5
6
7
8           **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10  TARA CAPRON,                          CASE NO. 12CV3059 JLS (RBB)

11                          Plaintiff,    **ORDER GRANTING**
                                          **DEFENDANT'S MOTION TO**
12       vs.                              **DISMISS PLAINTIFF'S**
                                          **COMPLAINT**
13  JPMORGAN CHASE BANK; AND
    DOES 1-100, INCLUSIVE,                (ECF No. 3)
14
                          Defendants.
15

16          Presently before the court is Defendant JPMorgan Chase Bank's ("Defendant,"

17  or "JPMorgan") Motion to Dismiss Plaintiff's Complaint. (Mot. to Dismiss, ECF No.

18  3). Also before the Court are Plaintiff Tara Capron's ("Plaintiff") response in

19  opposition, (Resp. in Opp'n, ECF No. 7), and Defendant's reply in support, (Reply in

20  Supp., ECF No. 8). The motion hearing that was set for February 21, 2013 was vacated

21  and the matter taken under submission on the papers pursuant to Civil Local Rule

22  7.1(d)(1). Having considered the parties' arguments and the law, the Court **GRANTS**

23  Defendant's motion to dismiss.

24                          **BACKGROUND**

25          This action arises out of a residential loan that Plaintiff obtained from

26  JPMorgan in the amount of $407,000 in November 2006. (*See* Request for Judicial

27  Notice ("RJN"), Exs. 1 & 2, ECF No. 3-2). The loan was secured by a deed of trust

28  on real property located at 300 West Beech Street, #1710 in San Diego, California.

(*Id.*)  Plaintiff defaulted on the loan and subsequently reached an agreement with JPMorgan to discharge her entire debt with the proceeds obtained from a short sale of the property.  Plaintiff's claims are based on attempts by a third party to collect Plaintiff's past due payments prior to the short sale and on JPMorgan's reporting of the short sale to various credit reporting agencies.[1]

Plaintiff, proceeding pro se, commenced this action by filing a complaint in San Diego County Superior Court on August 16, 2012, asserting eight causes of action: (1) Libel; (2) Violation of California Civil Code section 1785.25; (3) Fraud; (4) Breach of Contract; (5) Tortious Interference with Business/Contract Relations; (6) Violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639(f); (7) Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692; and (8) Violation of the Rosenthal Fair Debt Collections Practice Act, California Civil Code section 1788.  (Notice of Removal, Ex. 1, ¶ 6, ECF No. 1).[2] On December 26, 2012, Defendant removed the suit to federal court on the basis of federal question jurisdiction.  (Notice of Removal, EFC No. 1).  On January 2, 2012, Defendant filed the motion to dismiss that is currently before the Court.  (Mot. to Dismiss, ECF No. 3).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be

---

[1] Defendant requests that the Court judicially notice the following documents: (1) the grant deed for the real property at issue, (RJN, Ex. 1, ECF No. 3-2); and, (2) the deed of trust that encumbers the property, (RJN, Ex. 2, ECF No. 3-2).

In ruling on a motion to dismiss, a court may consider a document not physically attached to the plaintiff's pleading if its contents are alleged in the complaint and its authenticity not disputed.  *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).  A court may also consider a document "upon which the plaintiff's complaint necessarily relies."  *Id.* at 706.  The complaint in this matter either references or necessarily relies upon each of the documents for which Defendant requests judicial notice.  Plaintiff does not oppose the request, nor does she challenge the authenticity of the documents.  Accordingly, the Court **GRANTS** Defendant's request for judicial notice.

[2] Pin cites to exhibits utilize the page numbers assigned by CM/ECF.

granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 679 (citation omitted) "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* Moreover, "for a complaint to be dismissed because the allegations give

rise to an affirmative defense[,] the defense clearly must appear on the face of the pleading." *McCalden v. Ca. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990) (internal quotations omitted), *superseded by rule on other grounds as stated in Harmston v. City & Cnty. of San Francisco*, 627 F.3d 127 (9th Cir. 2010).

Relevant here, the Court has a duty to liberally construe a pro se's pleadings. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). "Pro se complaints are to be construed liberally and may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Barret v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (citation and internal quotation marks omitted). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. *Ivey v. Bd. of Regents of Univ. Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If a court grants a motion to dismiss, it should also grant leave to amend "'unless [it] determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.* 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See id.*; *Schreiber Distrib. Co.*, 806 F.2d at 1401.

## ANALYSIS

### 1. HOEPA Claim

Under HOEPA, a borrower may rescind a loan or recover damages if the lender fails to disclose certain terms at closing. 15 U.S.C. § 1639(f). Here, Plaintiff seeks to do both. JPMorgan moves to dismiss Plaintiff's HOEPA claim on the ground that it is barred by the statute of limitations.

A borrower's right to rescind her loan under HOEPA expires three days after the transaction. 15 U.S.C. § 1635(a). The right can be extended up to three years,

however, if the creditor fails to provide certain material disclosure and two copies of the consumer's notice of right to cancel. § 1635(f). If extended, the right to rescind is completely extinguished at the end of the three year period. *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998); *see also Miguel v Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002); *Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1008 (N.D. Cal. 2009) (holding that the same statute of limitations for TILA claims applies to HOEPA claims). In other words, "equitable tolling does not apply" to recission claims "even if the lender never made the required disclosures." *Morfrin v Accredited Home Lenders*, No. 09CV792-WQH-BLM, 2010 WL 391838, at *4 (S.D. Cal. Jan. 26, 2010) (citations omitted).

A borrower alleging damages under HOEPA must bring his claim within one year of the occurrence of the alleged violation. 15 U.S.C. § 1640(e); *Consumer Solutions REO, LLC*, 658 F. Supp. 2d at 1008 (N.D. Cal. 2009). Under limited circumstances, however, equitable tolling may apply to "suspend the limitations period until the borrower discovers or ha[s] reasonable opportunity to discover the fraud or non-disclosure that form the basis of the TILA action." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). A plaintiff who seeks equitable tolling must establish that "despite all due diligence, he was unable to obtain vital information bearing on the existence of the claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000) *overruled on other grounds by Socop-Gonzalez v. INS*, 272 F.3d 1176, 1194-96 (9th Cir. 2001) (en banc).

Here, according to the deed of trust that secured the loan at issue, Plaintiff's loan transaction was completed on November 6, 2006. (RJN Ex. 2, at 24, ECF No. 3-2). Plaintiff did not file her lawsuit until August 16, 2012, at which time both the one- and three-year limitation periods had lapsed by almost five years and three years, respectively. (Notice of Removal, Ex. 1, ECF No. 1). Thus, Plaintiff's rescission claim is time-barred. Plaintiff's damages claim is also time-barred, unless equitable tolling applies.

At the pleading stage, a plaintiff seeking the benefit of equitable tolling must allege facts sufficient to demonstrate that she could not have "discovered the alleged violations by exercising reasonable diligence." *Copeland v. Lehman Bros. Bank*, No. 09CV1774-WQH-RBB, 2011 WL 9503, at *6 (S.D. Cal. Jan. 3, 2011). Plaintiff does not plead any facts here that could plausibly establish equitable tolling, other than alleging that Defendant made specific misrepresentations with regard to the loan's terms, including, but not limited to, the annual percentage rate. (Notice of Removal, Ex. 1, ¶ 64, ECF No. 1).

Plaintiff fails to adequately plead equitable tolling because she does not offer any facts suggesting that, despite due diligence, she was unable to obtain "vital information bearing on the existence of [her] claim." *Santa Maria*, 202 F.3d at 1178. Although Plaintiff alleges that Defendant made specific misrepresentations about loan terms, Plaintiff does not explain why these actions prevented her from suing for nearly six years after the loan transaction and nearly five years after the statute of limitations had expired. Accordingly, equitable tolling does not apply here and Plaintiff's HOEPA claim for damages is also time-barred.

**3. FDCPA Claim**

In her only other federal cause of action, Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Plaintiff appears to contend that Defendant violated sections 1692(c) and 1692(d). Section 1692(c) prohibits a debt collector from communicating "with a consumer in connection with any debt . . . at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication." 15 U.S.C. § 1692(c)(a)(3). Section 1692(d) prohibits a debt collector from "engaging in any conduct . . . to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692(d).

To state a claim under section 1692, the complaint must allege that the

defendant is a "debt collector." *Izenberg v. ETS Servs., LLC,* 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008); *see also Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 911 (C.D. Cal. 2009). The FDCPA defines a "debt collector" as any person who is engaged in a "business the principal purpose of which is the collection of any debts or who regularly collects or attempts to collect any debt owed or asserted to be owed . . . ." 15 U.S.C. § 1692(a). Creditors of the debt at issue are explicitly exempt from the definition of "debt collector." § 1692a(6)(F)(ii); *Garcia*, 676 F. Supp. 2d at 911. An allegation that the defendant is a "debt collector" must be more than a bare legal conclusion and must be supported by facts demonstrating that the defendant is either engaged in a business the principal purpose of which is to collect debts or regularly collects or attempts to collect debt. *Swain v. CACH, LLC*, 699 F. Supp. 2d 1109, 1112-13 (N.D. Cal. 2009); *see also Keshishian v. AFNI Inc.*, No. CV 12-4204 GAF (SSx), 2012 WL 5378819, at *2 (C.D. Cal. Nov. 1, 2012) (holding that "a conclusory statement that a defendant is a debt collector is insufficient to survive dismissal.").

Furthermore, to state a claim under section 1692(d), the plaintiff must also sufficiently allege that Defendant was "attempting to collect on a debt." *Izenberg*, 589 F. Supp. 2d at 1199. Defendants that are communicating with consumers simply to provide information or to foreclose on a property are not "collecting on a debt" for purposes of the FDCPA. *Casault v. Federal Nat'l Mortg. Ass'n*, No. CV 11-10520-DOC(RNBx), 2012 WL 6861701, at *9 (C.D. Cal. Nov. 26, 2012); *Durland v. Fieldstone Mortg. Co.*, No. 10CV125 JLS (CAB), 2011 WL 805924, at *5 (S.D. Cal. Mar. 1, 2011) (citing *Tina v. Countrywide Home Loans, Inc.*, No. 08 CV 1233 JM (NLS), 2008 WL 4790906, at *7 (S.D. Cal. Oct. 30, 2008)). A mere conclusory allegation that a defendant was "collecting on a debt" will not survive a motion to dismiss. *Casault*, 2012 WL 6861701 at *9. A complaint must instead provide facts plausibly establishing that the defendant was attempting to collect on a debt. *Id.*

1    Here, Plaintiff alleges that Defendant engaged in a campaign of telephone
2    harassment at Plaintiff's place of employment, "including but not limited to" phone
3    calls occurring on four different dates in October 2011.  (Notice of Removal, Ex. 1,
4    ¶ 66, EFC No. 1).  Plaintiff further alleges that she notified Defendant verbally and
5    in writing that she could not receive collection calls at work and that Defendant
6    continued to call following the notice.  (*Id.* at ¶¶ 67–68).  Plaintiff also alleges that
7    Defendant caused a collection agency, Allied International Credit Corp. ("Allied"),
8    to engage in similar action against the plaintiff.  (*Id.* at ¶ 69).  Nonetheless, Plaintiff
9    fails to plead facts establishing that either JPMorgan or Allied are "debt collectors"
10   under the FDCPA; Plaintiff makes no allegations indicating that either Defendant or
11   Allied is principally engaged in the business of collecting debts or regularly collects
12   debts.  Further, Plaintiff does not plead any facts plausibly establishing that the
13   purpose of the alleged phone calls was to collect on a debt.  Therefore, Plaintiff's
14   complaint fails to state a cognizable claim for violation of the FDCPA and must be
15   dismissed.

16   **4.  State Law Claims**

17       As the Court is dismissing Plaintiff's federal claims, albeit with leave to
18   amend, the Court declines to exercise supplemental jurisdiction over the remaining
19   state law claims.  *See* 28 U.S.C. § 1367(c)(3).  Plaintiff's state law claims are also
20   dismissed without prejudice.

21                          **CONCLUSION**

22       For the reasons explained above, the Court **GRANTS** Defendant's motion to
23   dismiss.  Plaintiff's federal claims are **DISMISSED WITHOUT PREJUDICE**.
24   Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental
25   jurisdiction over Plaintiff's remaining state law claims, and thus those claims are
26   also **DISMISSED WITHOUT PREJUDICE**.

27       The Court will afford Plaintiff an opportunity to amend her complaint to state
28   ///

a cognizable federal claim.  Plaintiff may file an amended complaint addressing the deficiencies noted by the Court within <u>21 days</u> of the date that this Order is electronically docketed.

**IT IS SO ORDERED.**


**DATED:  July 10, 2013**

*Janis L. Sammartino*
**Honorable Janis L. Sammartino**
**United States District Judge**